IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREGORY M. STARR | ) CASE NO. 1:10CV0041 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al. | ) MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) |

Plaintiff *pro se* Gregory M. Starr brings this action for violation of several federal statutes against Defendants U.S. Department of Housing and Urban Development and U.S. Bank Mortgage Company.[1] He includes in his complaint 18 U.S.C. § 242 which pertains to deprivation of constitutional rights on account of a person being an alien, or by reason of his color or race.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)*(citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d

---

[1] Plaintiff did not include a short and plain statement of the grounds for the court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1).

889, 893 (E. D. Mich., 2006)(quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the following reason, the Court finds the claim asserted in this action satisfies these criterion.

The complaint consists of a series of federal statutes, their provisions set forth in full. There are no facts indicating how these statutes apply to the Plaintiff. Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id.* at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987); *see Place v. Shepherd,* 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

Accordingly, Plaintiff's Motion to Proceed In Forma Pauperis is granted. This action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: March 5, 2010

JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE